Lori P. Hager, Esq.
Harris A. Wolin, Esq.
Myers Wolin, LLC
100 Headquarters Plaza
West Tower, 7th Floor
Morristown, New Jersey 07960
Telephone:    973-828-1284
Email: litigation@myerswolin.com

Attorneys for Plaintiff Ana Guerra

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANA GUERRA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MENTAL HEALTH ASSOCIATION IN NEW JERSEY, INC., and XYZ CORPS. 1-10 (said names being fictitious),<br><br>Defendants | Case No.<br><br>Civil Action<br><br>**COMPLAINT**<br>**JURY DEMAND**<br><br>*Document Electronically Filed* |

Plaintiff, Ana Guerra (hereinafter "Ms. Guerra"), by way of Complaint for Damages against defendants, Mental Health Association in New Jersey, Inc. a (hereinafter "MHANJ"), and XYZ Corps. 1-10, fictious entities (hereinafter "XYZ") (collectively hereinafter "defendants") alleges as follows:

## NATURE OF THE ACTION

1. This action arises from defendants' failure to compensate Ms. Guerra for the use of Ms. Guerra's intellectual property and other damages caused by defendants' dissemination of

Ms. Guerra's proprietary, confidential and copyright protected educational materials ("Educational Materials").

2. Plaintiff owns a copyright registration TX0008630402 that was infringed by defendants. A Copy of the registration is attached hereto as Exhibit A.

3. Defendant violated Federal and New Jersey law by illegally using, copying, creating derivative works, and disseminating plaintiff's copyright protected works.

4. In this action, plaintiff seeks a judgment against defendants that: (1) defendants violated the Copyright Act, (2) breached its contract, (3) misappropriated trade secrets, (4) unfairly competed with plaintiff, and (5) were unjustly enriched.

5. In addition, Ms. Guerra seeks damages caused by each claim, including but not limited to punitive damages, attorneys' fees and costs.

## THE PARTIES

6. Plaintiff, Ana Guerra, is an individual residing in New Jersey.

7. Upon information and belief, defendant Mental Health Association in New Jersey is a corporation engaged in mental health education, with its principal place of business located at 673 Morris Avenue, Suite 100, Springfield, New Jersey 07081. Mental Health Association in New Jersey is authorized to, and does, engage in the business in New Jersey.

8. XYZ CORPS. 1-10 are entities which are associated with Mental Health Association in New Jersey, assisted Mental Health Association in New Jersey or worked in concert with Mental Health Association in New Jersey in illegally using or presenting plaintiff's Educational Materials as described herein.

## JURISDICTION AND VENUE

9. These claims arise under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq.

10. This Court has original jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1331 and § 1338.

11. Supplemental jurisdiction over Plaintiff's state common law claims is conferred by 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, defendants operate their business in this district, and plaintiff is a resident in this district.

## BACKGROUND

13. Based on Ms. Guerra's extensive experience, novel ideas, teaching methods and skills, Ms. Guerra created education materials and educational services including training, curriculum development and live training programs.

14. Upon information and belief, MHANJ provides mental health services for children and adults through advocacy, education, training, and services.

15. Upon information and belief, XYZ CORPS. 1-10 provides and/or assists MHANJ with providing mental health services for children and adults through advocacy, education, training, and services.

16. MHANJ contracted with Ms. Guerra to provide educational services to its consumers and the public.

17. As early as 2014, defendants benefited from Ms. Guerra's novel ideas, teaching methods and skills.

18. Specifically, defendants contracted for and used Ms. Guerra's services and materials for training as agreed upon.

19. Thereafter, defendants used Ms. Guerra's Educational Materials without her permission and without compensation to Ms. Guerra.

20. Defendants have deemed Ms. Guerra's ideas and teachings as novel in the industry.

## MS. GUERRA'S NEGOTIATIONS

21. In 2014, Ms. Guerra began working as an independent contractor for defendants to specifically facilitate trauma and crisis mental health training for their consumers.

22. Ms. Guerra is generally viewed as a "popular trainer" in the industry. Based on this and excellent feedback from participants in training events held in 2014, Ms. Guerra was asked by defendants to provide "specialized training" on Co-Occurring Disorders ("COD").

23. Specifically, Ms. Guerra was asked to provide courses for defendants in north, central and south Jersey.

24. In 2015, Ms. Guerra confirmed and defendants agreed that the Education Materials she created and provided for the COD courses were exclusively owned by Ms. Guerra.

25. In 2015, Ms. Guerra suggested that defendants open her COD courses to the general public to generate more income, and defendants agreed.

26. On April 6, 2015, Ms. Guerra and defendants had a meeting to discuss COD course schedule and sign the 2015 modified contract which again confirmed that Ms. Guerra owned all rights and interest in the Educational Materials she created for COD.

27. On July 16, 2015, Ms. Guerra completed the creation of the Educational Materials which consisted of the COD course description, objectives and outline.

28. The Educational Materials were provided to defendants via electronic mail on July 16, 2015, July 20, 2015 and July 27, 2015.

29. Ms. Guerra submitted the Educational Materials to the Certification Board of New Jersey for a 3-day COD continuing education course, which was approved.

30. MHANJ requested copy of the Educational Materials to allegedly promote the courses.

31. From August 24, 2015 to August 26, 2015, Ms. Guerra presented the first COD course cycle for defendants and received rave reviews.

32. In October 2015, plaintiff provided regular Trauma and Crisis courses for defendants.

33. Plaintiff issued an invoice for her services and defendants paid same.

## **NATURE OF DEFENDANTS' UNLAWFUL CONDUCT**

34. In November, 2015, Ms. Guerra learned that defendants were using her Educational Materials to present training without her permission and without compensation to her.

35. Specifically, Ms. Guerra learned that defendants scheduled and held courses for December 7, 2015, December 9, 2015 and December 11, 2015, using her Educational Materials.

36. Ms. Guerra sent a cease and desist letter demanding that defendants cancel the classes and cease using her copyright protected materials.

37. Shortly thereafter, defendants responded in writing to Ms. Guerra's letter and promised to cease using her Educational Materials.

38. Even in light of their promise, defendants continued to use Ms. Guerra's protected Educational Materials.

39. Specifically, on February 22, 2016, February 24, 2016 and February 26, 2016, defendants presented additional classes using plaintiff's Educational Materials.

40. In 2017, defendants advertised "our highly popular 3 Day series on COD" using plaintiff's Educational Materials, which was held on March 1, 2017, March 2, 2017 and March 6, 2017.

41. Thereafter, defendants promoted additional courses using the Educational Materials and content derivative of the Educational Materials.

42. On June 8, 2017, defendants issued another advertisement promoting COD "continue to offer our highly popular 3-day series on COD" again using plaintiff's Educational Materials. The courses were held on July 11, 2017, July 12, 2017 and July 14, 2017.

43. On October 23, 2018, defendants advertised a 3 Day COD course for peer specialists, again using plaintiff's Educational Materials and derivative materials which were scheduled for November 5, 2018, November 19, 2018 and November 26, 2018.

44. Thereafter, defendants scheduled courses for December 14, 2018, and December 17, 2018.

45. Defendants' pattern of disrespect for Ms. Guerra's materials and rights under the copyright laws and state common law is appalling.

46. Upon information and belief, defendants' have used Ms. Guerra's Educational Materials on additional multiple occasions and plan to continue to illegally use the Educational Materials in the future.

47. Defendants have no excuse for their continued use of Ms. Guerra's Educational Materials even after defendants agreed in writing to cease.

48. Defendants' failure to comply and cease using the Educational Materials showed their knowledge, intent and disregard for Federal and State Law.

49. Defendants' flagrant and intentional violations of State and Federal Law causes significant damage to Ms. Guerra.

50. Ms. Guerra lost significant profits, and business opportunities.

51. In addition, defendants' inferior derivative works caused damage to Ms. Guerra's professional reputation in the industry.

52. Defendants improperly profited from using Ms. Guerra's good will.

53. Ms. Guerra is entitled to recover damages as a direct result of defendants' illegal actions.

## COUNT ONE
## COPYRIGHT INFRINGEMENT

54. Ms. Guerra repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

55. Ms. Guerra is the legal owner of Educational Materials that have been unlawfully used, copied, altered and disseminated by defendants.

56. Each Educational Material is an original work that has been fixed in a tangible medium of expression and constitutes copyrightable subject matter within the meaning of the Copyright Act, 17 U.S.C. § 102. The Education Material has been registered with the United State Copyright Office.

57. The Educational Material have been created and contracted for use by Ms. Guerra. As part of defendants' unauthorized actions, defendants have unlawfully used, copied, altered and disseminated Ms. Guerra's Educational Materials for which Ms. Guerra owns copyrights.

58. Under the Copyright Act, 17 U.S.C. § 106, Ms. Guerra owns the exclusive rights, among others, to reproduce in copies their copyrighted works, to distribute copies to the public of their copyrighted works, to publicly display their copyrighted works and to make derivative works based upon their copyrighted works.

59. Under the Copyright Act, 17 U.S.C. §106, Ms. Guerra also owns the exclusive rights to authorize others to exercise the rights set forth in paragraph 58.

60. By using the works and presenting training and otherwise disseminating the works, defendants have exercised one or more of Ms. Guerra's exclusive rights set forth in paragraph 58 respecting the Educational Materials in which Ms. Guerra owns copyrights.

61. Neither Ms. Guerra nor any other person authorized by Ms. Guerra has granted any contract, license, permission or authorization to defendants to exercise any of the rights set forth in paragraph 58 respecting the works in which Ms. Guerra owns copyrights.

62. Defendants have committed each act of copyright infringement with the knowledge that it was not authorized to exercise any of the rights set forth in paragraph 58 respecting the Educational Materials which Ms. Guerra owns copyrights. Defendants' conduct thus constituted and will constitute willful copyright infringement.

63. As a result of Defendants' wrongful acts, Ms. Guerra has incurred and will continue to incur damage.

## COUNT TWO
## MISAPPROPRIATION
## OF TRADE SECRETS NJSA 56:15-1

64. Ms. Guerra repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

65. Defendants wrongfully and improperly used, copied, created derivative works, and disseminated Ms. Guerra's copyright protected works which disclosed Ms. Guerra's novel ideas, methods and skills.

66. Defendants gained access to Ms. Guerra's confidential educational materials in the course of obtaining Continuing Education approval and promotional activities. Defendants were under an obligation to not use or disperse and to maintain the secrecy of the confidential information obtained during this time and thereafter.

67. Ms. Guerra took reasonable precautions under the circumstances to protect her trade secrets.

68. Ms. Guerra advised defendants' representatives that her materials or content were not to be used by defendants in any way.

69. This restriction was in writing during the negotiations of the contract to use her materials.

70. Defendants accepted the copyright protected materials from Ms. Guerra voluntarily and for the purpose of negotiating a contract for Ms. Guerra's services, thereby owing Ms. Guerra a duty of confidentiality with respect to the copyright protected materials provided.

71. Against Ms. Guerra's clear instructions, defendants used Ms. Guerra's novel ideas, methods and skills to create derivative works and disseminated it without Ms. Guerra's consent or permission in order to benefit themselves.

72. As a direct and proximate result of defendants' willful, improper, and unlawful use and disclosure of Ms. Guerra's novel ideas, methods and skills, Ms. Guerra has suffered, and will continue to suffer, great harm, and damage. Ms. Guerra will continue to be irreparably damaged unless defendants are enjoined from further use and disclosure of Ms. Guerra's trade secret information.

73. As a result of defendants' wrongful acts, Ms. Guerra has incurred and will continue to incur damage.

## COUNT THREE
## COMMON LAW BREACH OF CONTRACT

74. Ms. Guerra repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

75. Ms. Guerra disclosed her copyright protected materials to defendants in the course of executing the contracted services.

76. Ms. Guerra advised representatives of defendants that her materials were not to be used by defendants in any way without following the provisions of the contract.

77. This restriction was in writing.

78. Defendants' representative assured Ms. Guerra that they would not continue to use her Educational Materials.

79. It is clear that defendants knew that Ms. Guerra's materials were protected by copyright and were not to be used by defendants unless they compensated Ms. Guerra.

80. Defendants accepted the copyright protected materials from Ms. Guerra voluntarily, thereby owing Ms. Guerra a duty of confidentiality with respect to the copyright protected materials provided.

81. Defendants have willfully breached the confidentiality agreement entered into with Ms. Guerra when they used, copied, created derivative works, and disseminated Ms. Guerra's copyright protected materials for their own benefit and against the consent and clear instructions of Ms. Guerra.

82. As a result of defendants' wrongful acts, Ms. Guerra has incurred and will continue to incur damage.

## COUNT FOUR
## COMMON LAW UNFAIR COMPETITION

83. Ms. Guerra repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

84. Defendants unlawfully used, copied, created derivative works, and disseminated Ms. Guerra's copyright protected materials for their own purpose and adversely to the interests of plaintiff and her business venture. By unlawfully using, copying, creating derivative works, and disseminating Ms. Guerra's copyright protected materials, defendants interfered with Ms. Guerra's business, and defendant's unlawful actions constitute an unlawful, unfair, and fraudulent business practices.

85. As a direct result of said unfair competition, Ms. Guerra has sustained and is likely to continue to sustain damages.

86. Ms. Guerra is entitled to exemplary and punitive damages by reason of defendants' willful, reckless, deliberate and intentional conduct.

87. As a result of defendants' wrongful acts, Ms. Guerra has incurred and will continue to incur damage.

## COUNT FIVE
## COMMON LAW UNJUST ENRICHMENT

88. Ms. Guerra repeats and re-alleges each and every allegation in the foregoing paragraphs as if fully set forth herein.

89. Defendants illegally took Ms. Guerra's Educational Materials without providing her compensation.

90. Defendants benefited from the use of the Educational Materials, defendants did not provide compensation to Ms. Guerra for her Educational Materials and defendants' failure to pay compensation to Ms. Guerra was unjust.

91. Ms. Guerra expected and demanded payment for defendants' use of the Educational Materials.

92. Defendants were unjustly enriched beyond their contractual rights if they did not have to pay for the benefit.

93. As a result of defendants' wrongful acts, Ms. Guerra has incurred and will continue to incur damage.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Ana Guerra respectfully requests that the Court enter a judgment:

1. Preliminary and permanently enjoining and restraining defendants, their officers, directors, shareholders, agents, employees, and attorneys and all those acting in concert with them from utilizing or depicting plaintiff's work in any medium;

2. Awarding plaintiff in an amount determined at trial for defendants' illegal use of plaintiff's copyright protected materials;

3. Awarding plaintiff in an amount determined at trial for defendants' unfair competition;

4. Awarding plaintiff in an amount determined at trial for defendants' breach of contract;

5. Awarding plaintiff in an amount determined at trial for defendants' unjust enrichment;

6. Awarding damages, punitive damages and attorney's fees and costs to plaintiff in an amount determined at trial for defendants' misappropriation of trade secrets;

7. Awarding plaintiff statutory and punitive damages in an amount to be determined;

8. Awarding plaintiff all costs, expenses, disbursements, and reasonable attorneys' fees incurred by plaintiff in this action; and

9. Awarding plaintiff pre-judgment and post-judgment interest; and

10. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury under F.R.Civ.P. 38 (b).

Dated: November 23, 2018

By: */s/Lori P. Hager*
    Lori P. Hager, Esq.
    Harris A. Wolin, Esq.
    **Myers Wolin, LLC**
    Attorneys for Plaintiff
    Ana Guerra

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

Pursuant to Local Rule 11.2, the undersigned member of this bar of this Court hereby certifies that the matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding, and none is contemplated.

**Myers Wolin, LLC**

Dated: November 23, 2018

By: */s/Lori P. Hager*
    Lori P. Hager, Esq.
    Harris A. Wolin, Esq.
    **Myers Wolin, LLC**
    Attorneys for Plaintiff
    Ana Guerra